UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOY BARONE, CHRISTINE CARNEY, JASON JOHANNING, JARRETT REICH, and TAWHID ALI, <br><br> Plaintiffs, <br><br> - against - <br><br> INSPIRE SUMMITS LLC d/b/a SKYTOP STRATEGIES and CHRISTOPHER SKROUPA, <br><br> Defendants. | Civil Action No.:  1:20-cv-05978 (NGG) (CLP) <br><br><br><br> ORAL ARGUMENT REQUESTED |

**MEMORNDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**

**THE ENGEL LAW GROUP, PLLC**
280 Madison Avenue – Suite 705
New York, NY  10016
(212) 665-8095
aee@elgpllc.com

*Counsel for Defendants Inspire Summits and Christopher Skroupa*

Pursuant to Fed. R. Civ. P. 12(b)(1) and (6), and Fed. R. Civ. P. 9(b), the Defendants

Inspire Summits LLC d/b/a Skytop Strategies ("Skytop") and Christopher Skroupa ("Skroupa")

(together, "Defendants"), by and through their undersigned counsel, hereby submit this

Memorandum of Law in Support of their Motion to Dismiss.

## INTRODUCTION

Each of the Plaintiffs affirmatively pleads facts that inevitably lead to the conclusion that

they were "exempt" under the Fair Labor Standards Act ("FLSA"), under either the

"administrative" and "computer" employee exemptions, and their FLSA claims must therefore

be dismissed.  Given that their respective FLSA claims are the sole basis for federal jurisdiction,

and that this litigation is still at the pleadings stage, the Court should decline to exercise

supplemental jurisdiction over the remainder of the Plaintiffs' state-law claims.

## STATEMENT OF FACTS

All of the Plaintiffs affirmatively allege that they were paid a salary that exceeded the

minimum for their respective exemption, and four of them allege that they held high-level

management positions at Skytop, while the Plaintiff Ali alleges that he was the company's Web

Developer.  None of the Plaintiffs allege any contradictory facts, with no Plaintiff alleging any

facts that might suggest that their job duties and discretion were not as they would otherwise

seem, or that they did not in fact perform job duties or exercise discretion consistent with their

management-level positions at Skytop.

First, Plaintiffs Barone, Carney, and Johanning allege that they joined Skytop as a result

of Skytop's search "for leadership positions to help grow the business."  CPLT ¶26 (Plaintiff

Reich alleges that he already worked at Skytop before he was promoted, and Plaintiff Ali alleges

that he was hired as a computer professional).

Second, Plaintiff Barone alleges that she joined Skytop as its "Chief Marketing Officer" and alleges that she was paid a salary of $8,328.57/month along with significant CEO discretionary bonus potential, health insurance, 401(k) matching, and stock participation.  CPLT ¶¶32-34.  Barone further alleges that she "worked in this [Chief Marketing Officer] position performing her job duties and responsibilities" until her termination.  CPLT ¶39.  Barone never alleges that she did not, in fact, perform duties consistent with her job title of Chief Marketing Officer.

Third, Plaintiff Carney alleges that she joined Skytop as its "Chief Communications Officer" and like Barone alleges that she was paid a salary of $8,328.57/month along with significant CEO discretionary bonus potential, health insurance, 401(k) matching, and stock participation.  CPLT ¶¶48-50.  Carney also alleges that she "worked in this [Chief Communications Officer] position performing her job duties and responsibilities" until her termination.  CPLT ¶55.  Carney never alleges that she did not, in fact, perform duties consistent with her job title of Chief Communications Officer.

Fourth, Plaintiff Johanning alleges that he joined Skytop as its "Managing Director, Business Development & Partner Engagement" and alleges that he was paid a base salary of $150,000.00/year, bonus potential, health insurance, 401(k) matching, and stock participation.  CPLT ¶¶62-63.  Johanning further alleges that he "worked in this [Managing Director] position performing his job duties and responsibilities" until his termination.  CPLT ¶68.  Johanning never alleges that he did not, in fact, perform duties consistent with his job title of Marketing Director.

Fifth, Plaintiff Reich alleges that he joined Skytop as its "Vice President of Sponsorship Engagement," and was later promoted to the position of "Chief Operations Officer," and further

alleges that he was paid a base salary of $95,000.00/year, CEO discretionary bonus potential, health insurance, 401(k) matching, and stock participation.  CPLT ¶¶74-77.  Reich also alleges that he "worked in this [COO] position performing his job duties and responsibilities" until his termination.  CPLT ¶81.  Reich never alleges that he did not, in fact, perform duties consistent with his job title of Chief Operations Officer.

Sixth, Plaintiff Ali alleges that he joined Skytop as its "Web Developer" and that he was paid a salary of $75,000.00/year.  Ali also alleges that he "worked in this [Web Developer] position performing his job duties and responsibilities" until his termination (CPLT ¶90), and never alleges that he did not, in fact, perform duties consistent with his job title of Web Developer.

<u>**STANDARD**</u>

While this is well-worn territory, it is worth revisiting, particularly where the Complaint contains nothing more than allegations that point to the inescapable conclusion that each of the Plaintiffs were "exempt" employees under the FLSA.  As the Supreme Court held in the seminal *Twombly* and *Iqbal* cases, the mere recitation of legal elements does not satisfy even the very low bar set by Rule 8.  In *Iqbal*, the Court held that "a complaint must plead enough facts to state a claim to relief that is plausible on its face," meaning that a plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In other words, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotes and citations omitted).  Where "the well-pleaded facts do not permit the court to infer more than the

mere possibility of misconduct, the complaint has alleged – it has not 'shown' – 'that the pleader is entitled to relief.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (quoting Rule 8(a)(2)). Because the Plaintiffs here have not "nudged their claims across the line from conceivable to plausible, their complaint must be dismissed."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In the context of evaluating a motion to dismiss an FLSA claim based on the affirmative defense of one or more FLSA exemptions, the Second Circuit has explained that the Court may dismiss an FLSA claim on a motion to dismiss "if the [affirmative] defense appears on the face of the complaint."  *See, Chen v. Major League Baseball Properties, Inc.*, 798 F.3d 72, 81–82 (2d Cir. 2015) (dismissing FLSA claims at pleading stage) (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 74 (2d Cir.1998)); *see also, Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 431 (S.D.N.Y. 2016) ("The application of an exemption to the FLSA is an affirmative defense which may be raised in a pre-answer Rule 12(b)(6) motion if the defense appears on the face of the complaint.") (citing *Chen*).

Moreover, while the court in *Chen* indicated that the employer asserting one or more FLSA exemptions bears a heavy burden and that FLSA exemptions must be "narrowly construed against the employers seeking to assert them" and that they should be subject to a "plain[] and unmistakabl[e]" standard, the Supreme Court has recently held otherwise.  *See, Chen*, 6 F. Supp. 3d at 454.

In *Encino Motorcars*, the Supreme Court put the FLSA's exemptions on an equal footing with its affirmative coverage, holding that:   "

> The Ninth Circuit also invoked the principle that exemptions to the FLSA should be construed narrowly.  We reject this principle as a useful guidepost for interpreting the FLSA.  Because the FLSA gives no textual indication that its exemptions should be construed narrowly, there is no reason to give them

anything other than a fair (rather than a 'narrow') interpretation. The narrow-construction principle relies on the flawed premise that the FLSA 'pursues' its remedial purpose 'at all costs.' But the FLSA has over two dozen exemptions in § 213(b) alone, including the one at issue here. Those exemptions are as much a part of the FLSA's purpose as the overtime-pay requirement. Legislation is, after all, the art of compromise, the limitations expressed in statutory terms often the price of passage. We thus have no license to give the exemption anything but a fair reading.

*Encino Motorcars, LLC v. Navarro*, 138 S. Ct. 1134, 1142 (2018) (internal quotes and citations omitted). Under *Encino*, then, the applicability of the exemptions that Defendants urge herein are subject to no more than the ordinary "preponderance of the evidence" standard applicable to any matter on which a party bears the burden, and the Plaintiffs' Complaint shall not be afforded anything more than a fair reading under the *Iqbal-Twombly* standard.

## ARGUMENT

**I.     ALL OF THE PLAINTIFFS HAVE AFFIRMATIVELY PLED FACTS THAT, ACCEPTED AS TRUE FOR PURPOSES OF THIS MOTION, ESTABLISH THAT THEY ARE SUBJECT TO EXEMPTIONS UNDER THE FLSA, AND THOSE CLAIMS MUST THEREFORE BE DISMISSED**

The "administrative employee" exemption involves three factors: (1) the employee has a salary of at least $684.00/week, which works out to an annual salary minimum of $35,568.00 (29 CFR § 541.200(a)(1), 29 CFR § 541.600(a)) (2) the employee's primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers (29 CFR § 541.200(a)(2) and (3) the employee's primary duty includes the exercise of discretion and independent judgment with respect to matters of significance (29 CFR § 541.200(a)(3). The "computer employee" exemption involves the same minimum salary, and the "design, development, documentation, analysis, creation, testing or modification of computer systems or programs, including prototypes, based on and related to user or system design specifications." 29 CFR § 541.400(b)(2).

As described above, the lowest paid of the Plaintiffs in this case was Mr. Ali, who had an annual salary of $75,000.00, more than double the salary minimum.  As also explained above, Plaintiffs Barone, Carney, Johanning, and Reich have all affirmatively pled that they occupied high-level management and/or administrative positions at Skytop, while Ali has pled that he was the company's Web Developer, and all of them allege that they performed job duties commensurate with their respective job titles from the start of their employment through their termination, as each alleges that they "worked in [their respective] position performing [their] job duties and responsibilities" until their termination (CPLT ¶39 (Barone), ¶55 (Carney), ¶68 (Johanning), ¶81 (Reich), ¶90 (Ali)).  Moreover, Barone, Carney and Johanning each allege that they were hired for, and then performed the duties of, a "leadership position."  CPLT ¶26.

These explicit allegations must be viewed under the standards set by *Iqbal, Twombly*, and *Encino Motor Cars*.  As *Iqbal* and *Twombly* make clear, a plaintiff cannot survive a motion dismissed if all they have done is baldly recite the legal elements of their claims, and cannot rely on bare legal conclusions.  Moreover, *Encino Motor Cars* instructs that while the FLSA exemptions remain affirmative defenses on which the defendant bears the burden, that burden is no higher than the preponderance standard that plaintiffs face on the elements of their claims.  Similarly, plaintiffs are entitled to no more than the "reasonable" inferences that can be fairly drawn from the facts they have alleged, and are not entitled to inferences that are belied or undermined by, rather than supported by, the facts they have alleged.  *See, Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In fact, even if a plaintiff pleads facts that may support an inference favorable to the plaintiff, any such inference must be weighed against other competing inferences, and cannot be used to survive a motion to dismiss if those other competing inferences, based on the plaintiff's own allegations, outweigh the plaintiff's suggested inference.

*See, Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 593 (S.D.N.Y. 2011) ("Finally, even assuming, arguendo, that Incsight's sales were somehow sufficient to establish a plausible inference of motive, that inference is not as strong as the inference of non-fraudulent activity drawn from the facts viewed collectively.  Indeed, plaintiffs' own allegations undermine the inference plaintiffs advance.").

Here, the Plaintiff's own allegations support only one conclusion, namely that all the Plaintiffs were subject to FLSA exemptions that defeat their claims, which must be dismissed. *See also, Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 255 (E.D.N.Y. 2015) (illustrating that, if anything, high-level employees like Barone, Carney, and Reich, who held "C-level" positions, more often find themselves named as defendants with personal liability for non-payment of wages); *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 457 (S.D.N.Y. 2016) (same).

## II.   THE COURT MUST DECLINE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE PLAINTIFFS' REMAINING CLAIMS

While the scope of this Court's potential supplemental jurisdiction over state law claims is typically discretionary and adjudged according to the original pleading, the Second Circuit has held that it is an abuse of discretion for a District Court to retain jurisdiction over state law claims after all federal claims have dropped out of the case when the case is at a very early stage. *TPTCC NY, Inc. v. Radiation Therapy Servs., Inc.*, 453 F. App'x 105, 107 (2d Cir. 2011) ("We hold that, on these facts, the exercise of supplemental jurisdiction was an abuse of discretion."). This admonition includes the District Court reaching, as the *TPTCC NY* court did, the issue of whether plaintiff's state-law claims satisfied the applicable pleading standards after the court had, on the same motion, dismissed the plaintiff's federal claims.  *Id.*  As such, this Court must

decline to exercise supplemental jurisdiction over Plaintiffs' state-law claims if, as it should, the Court dismisses Plaintiffs' FLSA claims.

## **<u>CONCLUSION</u>**

The Court should grant the Defendants' Motion to Dismiss the Plaintiffs' Fair Labor Standards Act claims, and should thereafter decline to exercise supplemental jurisdiction over the Plaintiffs' state-law claims, leaving the merits of those claims for the appropriate state court to decide.

Dated: Fairfield, Connecticut
       June 14, 2021

                                   **THE ENGEL LAW GROUP, PLLC**

                              By:  _____
                                     Adam E. Engel

                                280 Madison Avenue – Suite 705
                                New York, NY  10016
                                (212) 665-8095

                                *Counsel for Defendants Inspire*
                                *Summits and Christopher Skroupa*