UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOY BARONE, CHRISTINE CARNEY, JASON JOHANNING, JARRETT REICH, and TAWHID ALI,<br><br>Plaintiffs,<br><br>-against-<br><br>INSPIRE SUMMITS LLC d/b/a SKYTOP STRATEGIES, and CHRISTOPHER SKROUPA,<br><br>Defendants. | **Civil Action No.: 20-CV-4520 (NGG)(CLP)** |

**PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' <u>MOTION TO DISMISS</u>**

**STEVENSON MARINO LLP**

Jeffrey R. Maguire
J.R. Stevenson
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 939-7229
(212) 531-6129
*Attorneys for Plaintiffs*

# **TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ........................................................................................................ 1

**STATEMENT OF FACTS** ................................................................................................................ 2

**LEGAL STANDARD** ...................................................................................................................... 3

**ARGUMENT** ................................................................................................................................... 5

**I.  PLAINTIFFS' ALLEGATIONS ESTABLISH A CLAIM UNDER THE FLSA AND THE NYLL** ................................................................................................................ 5

    A.    Defendants Do Not Dispute that Plaintiffs Sufficiently Allege that Plaintiffs were Employees Under the FLSA or that Defendants are an Enterprise Participating in Interstate Commerce ....................................................................................... 5

    B.    Defendants' Motion Fails on the Basis that Plaintiffs Explicitly Plead that Defendants Failed to Pay Each Plaintiff Under the Salary Basis Test ................... 7

**II.  DISMISSAL OF PLAINTIFFS' CLAIMS FOR FAILURE BASED ON THE ADMINISTRATIVE EXEMPTION WOULD IMPROPERLY PLACE BURDEN ON PLAINTIFFS** ................................................................................................................ 11

**III.  DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION MUST BE DISMISSED UNDER WELL-ESTABLISHED LAW** ................................................................................................................................ 13

**CONCLUSION** ............................................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Page(s)**

*Ahern v. County of Nassau*,
    118 F.3d 118 (2d Cir. 1997) .................................................................................................. 11

*Anani v. CVS RX Servs., Inc.*,
    788 F. Supp. 2d 55 (E.D.N.Y. 2011) ................................................................................ 11, 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ................................................................................................................ 4

*Auer v. Robbins*,
    519 U.S. 452 (1997) .............................................................................................................. 11

*Baden-Winterwood v. Life Time Fitness, Inc.*,
    566 F.3d 618 (6th Cir. 2009) ................................................................................................... 9

*Belizaire v. RAV Investigative & Sec. Servs. Ltd.*,
    61 F. Supp. 3d 336 (S.D.N.Y. 2014) ....................................................................................... 6

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ................................................................................................................ 4

*Bilyou v. Dutchess Beer Distributors, Inc.*,
    300 F.3d 217 (2d Cir. 2002) .................................................................................................... 7

*Brass v. Am. Film Technologies*, *Inc.*,
    987 F.2d 142 (2d Cir. 1993) .................................................................................................... 5

*Chen v. St. Beat Sportswear, Inc.*,
    226 F. Supp. 2d 355 (E.D.N.Y. 2002) ............................................................................... 5, 12

*Cruz v. AAA Carting & Rubbish Removal, Inc.*,
    116 F. Supp. 3d 232 (S.D.N.Y. 2015) ............................................................................... 2, 13

*DiFolco v. MSNBC Cable L.L.C.*,
    622 F.3d 104 (2d Cir. 2010) .................................................................................................... 4

*Edwards v. Community Enters., Inc.*,
    251 F. Supp. 2d 1089 (D. Conn. 2003) ................................................................................... 5

*Global Network Commc'ns, Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006) .................................................................................................... 5

*Hart v. Rick's Cabaret Int'l Inc.*,
   No. 09-cv-3043-JGK, 2010 WL 5297221 (S.D.N.Y. Dec. 20, 2010) .......................................... 6

*Ik Ho Choi v. Home & Home Corp.*,
   No. 17-cv-5400-ARR-SMG, 2019 WL 4193449 (E.D.N.Y. Sept. 3, 2019) ............................... 7

*Jiaren Wei v. Lingtou Zhengs Corp.*,
   No. 13-cv-5164-FB-CLP, 2015 WL 739943 (E.D.N.Y. Feb. 20, 2015) ................................. 5, 6

*Jin Dong Wang v. LW Rest., Inc.*,
   81 F. Supp. 3d 241 (E.D.N.Y 2015) .................................................................................. 12, 13

*Karropoulos v. Soup du Jour, Ltd.*,
   128 F. Supp. 3d 518 (E.D.N.Y. 2015) ..................................................................................... 12

*Martinez v. Hilton Hotels Corp.*,
   930 F. Supp. 2d 508 (S.D.N.Y. 2013) ..................................................................................... 10

*Nakahata v. New York-Presbyterian Healthcare System, Inc.*,
   723 F.3d 192 (2d Cir. 2006) ...................................................................................................... 5

*Nymbus, Inc. v. Sharp*,
   No. 17-cv-1113-JAM, 2019 WL 692938 (D. Conn. Feb. 19, 2019) .......................................... 8

*Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*,
   322 F.3d 147 (2d Cir. 2003) ...................................................................................................... 4

*Orton v. Johnny's Lunch Franchise, LLC*,
   668 F.3d 843 (6th Cir. 2012) ......................................................................................... 8, 9, 12

*Pray v. Long Island Bone & Joint*, LLP,
   No. 14-cv-5386-SJF-SIL, 2016 WL 9455557 (E.D.N.Y. Aug. 11, 2016) ................................. 7

*Rogers v. City of Troy, N.Y.*,
   148 F.3d 52 (2d Cir. 1998) ........................................................................................................ 6

*Rosenman Family, LLC v. Picard*,
   395 Fed. Appx. 766 (2d Cir. 2010) ........................................................................................... 4

*Saca v. Dav-El Rsrv. Sys., Inc.*,
   600 F. Supp. 2d 483 (E.D.N.Y. 2009) ................................................................................ 2, 13

*Sarit v. Westside Tomato, Inc.*,
   No. 18-cv-11524-RA, 2020 WL 1891983 (S.D.N.Y. Apr. 16, 2020) .................................... 5, 6

*Sethi v. Narod*,
   974 F. Supp. 2d 162 (E.D.N.Y. 2013) .................................................................................. 7

*Thompson v. Eldorado Coffee Roasters Ltd.*,
   246 F. Supp. 3d 697 (E.D.N.Y. 2017) .................................................................................. 4

*Torres v. Gristede's Operating Corp.*,
   628 F. Supp. 2d 447 (S.D.N.Y. 2008) ................................................................................ 12

*United States v. Klinghoffer Bros. Realty Corp.*,
   285 F.2d 487(2d Cir. 1960) .................................................................................................. 6

*Yourman v. Giuliani*,
   229 F.3d 124 (2d Cir. 2000) ............................................................................................... 10

**Statutes**

29 U.S.C. § 203(e)(1) .................................................................................................................... 5

29 U.S.C. § 206(b) ........................................................................................................................ 6

**Other Authorities**

5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2016) ........ 4

**Rules**

Fed. R. Civ. P. 12(b)(1) ............................................................................................................... 13

Fed. R. Civ. P. 12(b)(6) ................................................................................................................. 4

Fed. R. Civ. P. 8(a)(2) .............................................................................................................. 3, 4

**Regulations**

29 C.F.R. § 541.400 ...................................................................................................................... 8

29 U.S.C. § 541.118(a) ..................................................................................................... 9, 10, 11

29 U.S.C. § 541.200 .................................................................................................................. 1, 7

29 U.S.C. § 541.602 .............................................................................................................. *passim*

## **PRELIMINARY STATEMENT**

On December 8, 2020, Plaintiffs Joy Barone, Christine Carney, Jason Johanning, Jarrett Reich, and Tawhid Ali (collectively as "Plaintiffs"), commenced this action asserting claims for failure to promptly pay wages under the Fair Labor Standards Act ("FLSA"), failure to timely pay wages under the New York Labor Law ("NYLL"), and other claims under the NYLL and common law against their former employers, Inspire Summits LLC d/b/a/ Skytop Strategies ("Skytop") and Christopher Skroupa (collectively as "Defendants"). On June 14, 2021, Defendants filed a motion to Dismiss Plaintiff's Complaint ("Defendants' Motion") pursuant to Federal Rules of Civil Procedure ("Fed. R. Civ. P." or "Rule") 12(b)(1) and 12(b)(6). Plaintiffs now submit this Memorandum of Law in Opposition to Defendants' Motion.

Defendants essentially make only one argument in their motion, which is that Plaintiffs' Complaint must be dismissed because Defendant's anticipated affirmative defense that Plaintiffs are exempt under the FLSA's administrative exemption pursuant to 29 U.S.C. § 541.200 appears on the face of the Complaint. *See* Defendants' Motion, § I, p. 6. This Court, however, may swiftly dispose of Defendants' Motion because Plaintiffs' allegations establish that Defendants failed to pay Plaintiffs any wages for their work from August 16, 2020, through September 25, 2020. Therefore, Plaintiffs adequately plead that they did not "regularly receive" their wages on a predetermined salary basis as 29 U.S.C. § 541.602 requires to satisfy the salary basis test. Additionally, because Defendants must demonstrate that they regularly paid Plaintiffs on a salary basis to meet their burden under the FLSA's administrative exemption, there is no support for this in Plaintiffs' pleadings and Defendants absolutely fail to argue otherwise. Accordingly, this Court must deny Defendants' Motion under Rule 12(b)(6) and because Defendants' only argument as to

1

the NYLL and common law claims is that the Court would then lack jurisdiction upon the dismissal of the FLSA claims, the Court should deny Defendants' motion under Rule 12(b)(6) in its entirety.

With respect to Defendants' motion to dismiss under Rule 12(b)(1), although Defendants do not support this requested relief with any argument whatsoever, Defendants' presumed contention that the Court lacks subject matter jurisdiction on the basis that Plaintiffs are exempt must also fail. Indeed, it is well-settled law that a "defendant claiming to be exempt from the FLSA is challenging the merits of the FLSA claim rather than the court's jurisdiction over the subject matter." *Saca v. Dav-El Rsrv. Sys., Inc.*, 600 F. Supp. 2d 483, 485 (E.D.N.Y. 2009) (collecting cases); *accord Cruz v. AAA Carting & Rubbish Removal, Inc.*, 116 F. Supp. 3d 232, 240 (S.D.N.Y. 2015) (collecting cases).

Thus, for the reasons above, and discussed in more detail below, this Court should deny Defendants' Motion in its entirety.

**STATEMENT OF FACTS**

Plaintiffs allege that they are all former employees of Defendants, all of whom Defendants terminated on or about September 28, 2020, and refused to pay Plaintiffs' wages owed over a six-week period. *See* Dkt. No. 1, ¶¶ 1, 14-19, 37-39, 52-55, 66-68, 79-81, 88–90. Plaintiffs additionally allege that Defendant Skytop had annual gross revenues in excess of $500,000 per year for all relevant periods herein, and that Defendants have been and continue to be employers engaged in interstate commerce and/or the production of goods for commerce, within the meaning of FLSA 29 U.S.C. §§ 206(a) and 207(a), as Defendants transact business across state lines, by organizing and holding conferences in various states and countries such as the following upcoming conferences: (1) Shareholder Activism Summit scheduled for January 28, 2021 in New York, New York; (2) Shareholder Engagement & Communication scheduled for March 3, 2021 in London,

United Kingdom; and (3) Gender Equality in the C-Suite & Boardroom scheduled for March 8 – March 9, 2021, in Chicago, Illinois. *See* Dkt. No. 1, ¶¶ 11-12. Plaintiffs further allege that Defendants are covered employers within the meaning of the FLSA and the NYLL and, at all relevant times, employed the Plaintiffs. *See* Dkt. No. 1, ¶¶ 13.

Plaintiffs all allege that they worked multiple workweeks for which Defendants failed to pay them any wages whatsoever for work that Plaintiffs performed. *See* Dkt. No 1, ¶¶ 36-39 (Barone), ¶¶ 51-55 (Carney), ¶¶ 65-68 (Johanning), ¶¶ 78-81 (Reich), ¶¶ 87 – 90 (Ali). All Plaintiffs further allege that Defendants have failed to pay each Plaintiff his or her wages earned during their respective employments to date. *See* Dkt. No 1, ¶ 42 (Barone), ¶ 58 (Carney), ¶ 65-68 (Johanning), ¶¶ 78-81 (Reich), ¶¶ 87 – 90 (Ali). Based on Plaintiffs' allegations, Defendants made a uniform decision to not pay Plaintiffs from August 16, 2020 until Defendants terminated each of them on September 25, 2020. *See* Dkt. No 1, ¶¶ 37-39 (Barone), ¶¶ 52-55 (Carney), ¶¶ 66-68 (Johanning), ¶¶ 79-81 (Reich), ¶¶ 88–90 (Ali).

Plaintiffs additionally allege that according to two other lawsuits filed -- *Moody v. Inspire Summit LLC et al.* 20-cv-05834 (S.D.N.Y. July 27, 2020) and *Barlow et al v. Skroupa et al*, Civ. Ind.: 651739/2020 (NY Sup. Ct. NY Cty, July 8 2020) – since at least 2018, Skroupa and Skytop have routinely engaged in a practice of hiring employees and/or entering into agreements with independent contractors and subsequently refusing to pay them their wages and/or compensation earned. *See* Dkt. No 1, ¶ 23.

## **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(6) states that a claim will be dismissed only if it "fail[s] to state a claim upon which relief can be granted." In order to state a claim for relief, Rule 8(a)(2) requires only a "short and plain statement of the claim showing that the pleader is entitled

3

to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Importantly, Rule 8 does not require "detailed factual allegations," but only that the statements in the complaint make the claimed violation of law "plausible on its face." *Twombly*, 550 U.S. at 570. This "plausibility" standard is satisfied by a complaint that contains enough factual content to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

It is well settled that on a motion to dismiss, "a court must accept all factual allegations in the complaint as true, even if the allegations are doubtful in fact," and "draw all reasonable inferences in favor of the plaintiff." *Rosenman Family, LLC v. Picard*, 395 Fed. Appx. 766, 768 (2d Cir. 2010). When considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), "the duty of a court 'is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof.'" *Thompson v. Eldorado Coffee Roasters Ltd.*, 246 F. Supp. 3d 697, 700 (E.D.N.Y. 2017) (quoting *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 113 (2d Cir. 2010)).

When a defendant moves to dismiss a Complaint based upon an affirmative defense, the Court may only dismiss the complaint "if the defense appears on the face of the complaint." *Official Comm. of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP*, 322 F.3d 147, 158 (2d Cir. 2003)); *see also* 5B Charles Alan Wright & Arthur R. Miller, Fed. Prac. & Proc. Civ. § 1357 (3d ed. 2016) ("[T]he complaint also is subject to dismissal under Rule 12(b)(6) when its allegations indicate the existence of an affirmative defense that will bar the award of any remedy, but for this to occur, the applicability of the defense has to be clearly indicated and must appear on the face of the pleading to be used as the basis for the motion").

Moreover, on a motion to dismiss, the court's review, as a general matter, is limited to the pleading itself, and the court does not consider matters outside the pleadings. *Nakahata v. New York-Presbyterian Healthcare System, Inc.*, 723 F.3d 192, 202-03 (2d Cir. 2006). Indeed, as stated with the relevant exceptions, "[t]he court's consideration on a motion to dismiss is limited to the factual allegations in the complaint; documents incorporated by reference into the complaint; matters of which judicial notice may be taken; and documents either in plaintiff's possession or of which plaintiff had knowledge and relied on in bringing suit." *Chen v. St. Beat Sportswear, Inc.*, 226 F. Supp. 2d 355, 358 (E.D.N.Y. 2002) (citing *Brass v. Am. Film Technologies, Inc.*, 987 F.2d 142, 150 (2d Cir. 1993)).

## ARGUMENT

**I.  PLAINTIFFS' ALLEGATIONS ESTABLISH A CLAIM UNDER THE FLSA AND THE NYLL**

    **A.  Defendants Do Not Dispute that Plaintiffs Sufficiently Allege that Plaintiffs were Employees Under the FLSA or that Defendants are an Enterprise Participating in Interstate Commerce**

In order "[t]o state a claim under the FLSA, a plaintiff must first show that (1) the defendant is an enterprise participating in commerce or the production of goods for the purpose of commerce; (2) the plaintiff is an 'employee' within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA." *Jiaren Wei v. Lingtou Zhengs Corp.*, No. 13-cv-5164-FB-CLP, 2015 WL 739943, at *5 (E.D.N.Y. Feb. 20, 2015) (citing *Edwards v. Community Enters., Inc.*, 251 F. Supp. 2d 1089, 1098 (D. Conn. 2003)); *Sarit v. Westside Tomato, Inc.*, No. 18-cv-11524-RA, 2020 WL 1891983, at *4 (S.D.N.Y. Apr. 16, 2020) (internal citations and quotations omitted). The FLSA defines an "employee" as "any individual employed by an employer." *Jiaren Wei*, 2015 WL 739943, at *5 (citing 29 U.S.C. § 203(e)(1)). The FLSA additionally defines an "employer" as "any person acting directly, or indirectly in the interest of

5

an employer in relation to an employee, and requires employees engaged in interstate commerce . . . whose annual gross volume of sales made or business done is not less than $500,000." *Id*. (citations omitted).

The FLSA provides that "every employer shall pay to each of his employees . . . who in any workweek is engaged in the commerce or in the production of goods for commerce . . . not less than minimum wage." *Rogers v. City of Troy, N.Y.*, 148 F.3d 52, 55 (2d Cir. 1998) (quoting 29 U.S.C. § 206(b)). Crucially, "although the FLSA does not explicitly require that wages be paid on time, the courts have long interpreted the statute to include a prompt payment requirement." *Id*. (citing *United States v. Klinghoffer Bros. Realty Corp.*, 285 F.2d 487, 491 (2d Cir. 1960)). "Such a requirement is clearly established by the authorities." *Klinghoffer Bros. Realty Corp.*, 285 F.2d at 491; *see Rogers*, 148 F.3d at 57 (recognizing that "it is clear that the FLSA requires wages to be paid in a timely fashion"); *Sarit*, 2020 WL 1891983, at *4 (holding that employee stated a claim for violation of FLSA's prompt payment requirement). Indeed, "[w]hile the statutory language of the FLSA does not prescribe any particular payment schedule, courts have consistently interpreted Section 206(a) of the statute to include a prompt payment requirement." *Belizaire v. RAV Investigative & Sec. Servs. Ltd.*, 61 F. Supp. 3d 336, 353 (S.D.N.Y. 2014). In *Sarit*, the court noted that in *Hart v. Rick's Cabaret Int'l Inc.*, 2010 WL 5297221 (S.D.N.Y. Dec. 20, 2010), "the court explained that plaintiffs' allegations that they were paid 'no wages whatsoever' for a given time period was sufficient, without more, to plead a violation of the FLSA." *Sarit*, 2020 WL 1891983, at *5 n.9.

In the present case, Plaintiffs all sufficiently allege in their Complaint that they were employees under the FLSA/NYLL and that Defendants are an enterprise participating in commerce or the production of goods for the purpose of commerce. *See* Dkt. No. 1, ¶¶ 1, 11-19,

6

37-39, 52-55, 66-68, 79-81, 88–90. Defendants do not dispute that either of these two prongs are met and base their entire motion on the third prong, that Plaintiffs' allegations establish that they are exempt employees under the FLSA.

      **B.**      <u>**Defendants' Motion Fails on the Basis that Plaintiffs Explicitly Plead that Defendants Failed to Pay Each Plaintiff Under the Salary Basis Test**</u>

Courts have routinely held that pursuant to the federal regulations, "an employee falls under the administrative employee exemption when (1) the employee is '[c]ompensated on a salary or fee basis at a rate of not less than $684 per week'[1]; (2) the employee's 'primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers'; and (3) the employee's 'primary duty includes the exercise of discretion and independent judgment with respect to matters of significance.'" *Sethi v. Narod*, 974 F. Supp. 2d 162, 181 (E.D.N.Y. 2013) (quoting 29 C.F.R. § 541.602); *accord Ik Ho Choi v. Home & Home Corp.*, No. 17-cv-5400-ARR-SMG, 2019 WL 4193449, at *5 (E.D.N.Y. Sept. 3, 2019); *Pray v. Long Island Bone & Joint*, LLP, No. 14-cv-5386-SJF-SIL, 2016 WL 9455557, at *9 (E.D.N.Y. Aug. 11, 2016). As with all exemptions under the FLSA, "[t]he burden of invoking these exemptions rests upon the employer." *Bilyou v. Dutchess Beer Distributors, Inc.*, 300 F.3d 217, 222 (2d Cir. 2002). The determination of whether an employee is exempt "involves consideration of mixed questions of fact and law." *Pray*, 2016 WL 9455557, at *10 (collecting cases).

As indicated in § 541.200(a)(1), an employee must be compensated on a salary basis pursuant to § 541.600. Under § 541.602, entitled "Salary basis," "[a]n employee will be considered to be paid on a 'salary basis' within the meaning of this part if the employee *regularly receives*

---

[1] Increased from $455 per week to $684 per week effective January 1, 2020. *See* 29 C.F.R. § 541.200.

7

each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed." (emphasis added). For "Computer employees," 29 C.F.R. § 541.400 similarly requires a threshold of at least $684 per week or $27.63 per hour. Critically, "[s]ubject to certain exceptions, 'an exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked.'" *Nymbus, Inc. v. Sharp*, No. 17-cv-1113-JAM, 2019 WL 692938, at *6 (D. Conn. Feb. 19, 2019) (citing § 541.602(a)(1)).

This case is directly on point with the decision in *Nymbus, Inc.*. In *Nymbus, Inc.*, the court noted that the employee's annual salary of "between $250,000 and $300,000 during his tenure with [the employer] well exceeds the gross amount necessary to qualify him for the executive exemption." *Id*. Nevertheless, the employee argued that based upon the black-letter text of the regulation, "the FLSA exemption does not apply to him because Nymbus failed intermittently to pay him for three of the months he worked in 2016." *Id*. The court agreed with the employee, recognizing that "the regulation makes clear that the annual salary alone is not dispositive, and factors such as timing of payment are also relevant." *Id*. As the court explained, "the key inquiry is not what the employment agreement stated that he should be paid but what he was actually paid." *Id*. (citing *Orton v. Johnny's Lunch Franchise, LLC*, 668 F.3d 843, 848 (6th Cir. 2012)). The court granted summary judgment in the employee's favor on the basis that "[b]ecause there is no dispute that Sharp was not paid at all for three months of his work for Nymbus, it cannot be said he 'regularly received' his salary as the regulation requires," and therefore "Sharp's employment was not exempt from the protections of the FLSA . . ." *Id*. at *7.

8

In *Orton*, facing a similar inquiry, the Sixth Circuit recognized the change in the salary-basis test following the amendment of the relevant regulations in 2004. 668 F.3d at 847-48. The Court explained that while the former regulation, 29 U.S.C. § 541.118(a), "stated, in relevant part: 'An employee will be considered to be paid on a salary basis within the meaning of the regulations *if under his employment agreement* he regularly receives each pay period . . . [t]he new regulation now 'focuses on pay received,' rather than the terms of the employment agreement . . ." *Id*. at 847 (citing 29 § U.S.C. 541.118(a)(1973); *Baden-Winterwood v. Life Time Fitness, Inc.*, 566 F.3d 618, 626-27 (6th Cir. 2009)) (emphasis in original). Based on this change in the regulations, the Sixth Circuit reversed the lower court's holding as it "rest[ed] on an outdated rule of law," holding that the "question is therefore not what [plaintiff] was owed under his employment agreement; rather, the question is what compensation [plaintiff] actually received." *Id*. at 848.

Here, Plaintiffs sufficiently allege that Defendants failed to pay each Plaintiff any wages whatsoever for multiple, consecutive workweeks for which they allege that they performed work for Defendants, effectively reducing their weekly pay to zero. *See* Dkt. No 1, ¶¶ 36-39 (Barone), ¶¶ 51-55 (Carney), ¶¶ 65-68 (Johanning), ¶¶ 78-81 (Reich), ¶¶ 87 – 90 (Ali). All Plaintiffs further allege that Defendants have failed to pay each Plaintiff his or her wages earned during their respective employments to date. *See* Dkt. No 1, ¶ 42 (Barone), ¶ 58 (Carney), ¶ 65-68 (Johanning), ¶¶ 78-81 (Reich), ¶¶ 87 – 90 (Ali). Thus, because Plaintiffs allege that Defendants failed to pay them according to a salary basis, Plaintiffs adequately allege that they are non-exempt employees and therefore are entitled to coverage under the FLSA's protections.

Defendants moved to dismiss Plaintiffs' Complaint on the basis that Plaintiffs' allegations, when taken as true as the Court must do at this stage, "support only one conclusion, namely that all Plaintiffs were subject to FLSA exemptions that defeat their claims, which must be dismissed."

9

*See* Defendants' Motion, § I, p. 8. In Defendants' pre-motion conference letter for a preliminary injunction, Defendants argued that courts have "held that it is the 'objective intent' to pay on a salary basis that governs." *See* Dkt. No. 14, p. 4. The cases that Defendants cited for this principle of "objective intent," however, rely upon the pre-2004 regulation, which is no longer good law as recognized by *Orton* and *Nymbus, Inc.* While *Martinez v. Hilton Hotels Corp.*, 930 F. Supp. 2d 508, 521 (S.D.N.Y. 2013) cites the correct regulation, § 541.602, the cite to *Yourman v. Giuliani*, 229 F.3d 124, 130 (2d Cir. 2000) for the "objective intent" is misplaced, as *Yourman* is pre-2004 and relies only on § 541.118(a). *See Yourman*, 229 F.3d at 128. Additionally, the *Martinez* decision is on a motion for summary judgment, where a full record had been established regarding plaintiffs' claims of an "actual practice" and defendant's affirmative defenses. *See Martinez*, 930 F. Supp. at 512.

Most likely based on their belated recognition of the change in the regulation and subsequent case law, Defendants do not repeat this argument in their present motion and any attempt to raise it in reply should be viewed as waived. Instead, Defendants simply tie their star to nothing more than the fact that Plaintiffs pleaded that the salaries that Defendants originally agreed to pay them were "more than double the salary minimum." *See* Defendants' Motion, § I, p. 7. This blatantly ignores the regulation and the case law that supports Plaintiffs' position that, when taken as true, the allegations in the Complaint sufficiently establish that Plaintiffs did not "regularly receive" any weekly pay during consecutive pay periods up until their termination and therefore Defendants failed to pay each Plaintiff on a salary basis. Notably, Defendants are unable to provide any case law supporting their argument that Defendants did pay Plaintiffs under a salary basis despite never paying them at all.

Based on the foregoing, because all Plaintiffs satisfy all three requisite prongs to state an FLSA claim, the Court must deny Defendants' Motion.

## II.   DISMISSAL OF PLAINTIFFS' CLAIMS FOR FAILURE BASED ON THE ADMINISTRATIVE EXEMPTION WOULD IMPROPERLY PLACE BURDEN ON PLAINTIFFS

As previously cited, it is well-established that Defendants bear the burden of proof in establishing employee exemptions under the FLSA/NYLL. With respect to the salary basis test, "[t]he general criteria for determining whether an employee is paid on a 'salary basis' is set forth in 29 C.F.R. § 541.602, which provides that an employee must receive a 'predetermined amount constituting all or part' of the employees' compensation, which is 'not subject to reduction because of variations in the quality or quantity of work performed.'" *Anani v. CVS RX Servs., Inc.*, 788 F. Supp. 2d 55, 62 (E.D.N.Y. 2011) (citing 29 C.F.R. § 541.602(a); 29 C.F.R. § 541.602(b)). Indeed, "[t]he agency's use of the word 'predetermined' to describe the salary requirement indicates only that this element of an employee's compensation must be both fixed and determined prior to the period in which it would apply." *Havey v. Homebound Mortgage, Inc.*, 547 F.3d 158, 164 (2d Cir. 2008).

Importantly, "[t]he regulations also prohibit 'deductions . . . made for time when work is not available . . . if the employee is ready, willing, and able to work." *Id*. (citing 29 C.F.R. § 514.118(a)(1)). Courts have routinely held that "[t]he standard for losing the exempt status based on improper deductions is met 'if there is either an actual practice of making such deductions or an employment policy that creates a significant likelihood of such deductions.'" *Anani*, 788 F. Supp. 2d at 64 (quoting *Auer v. Robbins*, 519 U.S. 452, 461 (1997); *Ahern v. County of Nassau*, 118 F.3d 118 (2d Cir. 1997)). Assessing the "objective intention" as to whether the employer engaged in an actual practice of making deductions entails a consideration of the following: "the

11

number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions." *Torres v. Gristede's Operating Corp.*, 628 F. Supp. 2d 447, 456 (S.D.N.Y. 2008); *accord Karropoulos v. Soup du Jour, Ltd.*, 128 F. Supp. 3d 518, 528 (E.D.N.Y. 2015) (citing *Yourman*, 229 F.3d at 130).

As an additional reason for reversing the district court in *Orton*, the Sixth Circuit stated that "the district court neglected to place the burden of establishing the exemption on the defendants," noting that without any fact record on a motion to dismiss, allegations that the employer reduced the plaintiff's salary to zero was sufficient. 668 F.3d at 848 Here, just as in *Orton*, Defendants' affirmative defense fails because Skroupa and Skytop have routinely engaged in a practice of hiring employees and subsequently refusing to pay them their wages and/or compensation earned. *See* Dkt. No 1, ¶ 23. This allegation taken as true sufficiently alleges that Defendants possessed "an actual practice of making such deductions or an employment policy that creates a significant likelihood of such deductions." *Anani*, 788 F. Supp. 2d at 64. Indeed, as stated in the case cited by Defendants, "[a] plaintiff is not required to plead the absence of [an exemption to the FLSA." *Chen v. Major League Baseball Props., Inc.*, 798 F.3d 72, 81 (2d Cir. 2015).

The faulty foundation of logic supporting Defendants' Motion is highlighted by their reliance upon *Jin Dong Wang v. LW Rest., Inc.*, 81 F. Supp. 3d 241, 255 (E.D.N.Y 2015) for their requested relief. *See* Defendants' Motion, § I, p. 8. Defendants attempt to compare Plaintiffs to the individual defendant in the *Jin Dong Wang* case, stating that each held "C-level" positions "more

12

often find[ing] themselves named as defendants with personal liability for non-payment of wages." *See* Defendants' Motion, § I, p. 8. But Defendants neglect to recognize that this matter was before the court on partial summary judgment as to, *inter alia*, the defendant's individual liability as an employer. The court noted that the defendant "was only a cashier with supervisory authority over Plaintiffs," who "at most, [ ] could make recommendations as to which employees should be hired and fired." *Jin Dong Wang*, 81 F. Supp. 3d at 255. Although discovery was completed in that matter and the court weighed the evidentiary record on the summary judgment standard, the court nevertheless found that "there are disputed issues that prevent the Court from deciding whether Zheng is an employer under the FLSA." *Id*. In the present matter, Defendants do not cite to any facts alleged by Plaintiffs that are *remotely* similar to evidence before the *Jin Dong Wang* court. Moreover, Defendants ostensibly have provided authority that bolsters Plaintiffs' position that any determination that they are exempt under the FLSA is premature at this stage as Defendants cannot meet their burden that Plaintiffs are exempt employees based on the pleadings alone.

Based on the foregoing, Defendants' request that Plaintiffs' Complaint fails to state a claim under the FLSA/NYLL should be denied.

### III. DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION MUST BE DISMISSED UNDER WELL-ESTABLISHED LAW

It is well-settled, as "numerous [ ] courts have considered the issue and concluded that a defendant claiming to be exempt from the FLSA is challenging the merits of the FLSA claim rather than the court's jurisdiction over the subject matter." *Saca*, 600 F. Supp. 2d at 485 (collecting cases); *accord Cruz*, 116 F. Supp. 3d at 240 (collecting cases). In *Saca*, the court noted that while the defendant's motion to dismiss "does not specify which of its arguments forms the basis for its invocation of Rule 12(b)(1), its point regarding FLSA exemptions appears to be the only one in which subject matter jurisdiction might arguably be implicated." 600 F. Supp. 2d at 485.

13

Here, too, Defendants' move under Fed. R. Civ. P. 12(b)(1) but fail to make any specific arguments as to how the Court lacks subject matter jurisdiction over Plaintiffs' federal claims. Presumably, Defendants are arguing that this Court must dismiss Plaintiffs' Complaint based on Defendants' sole argument that Plaintiffs are exempt from the FLSA. Thus, Defendants' challenge is to the merits of Plaintiffs' claims rather than the Court's jurisdiction over the subject matter and the Court must therefore deny Defendants' Motion on this basis as well.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion in its entirety, and for such other and further relief as the Court deems appropriate.

Dated: New York, New York
July 12, 2021

Respectfully submitted,

STEVENSON MARINO LLP
*Attorneys for Plaintiffs*
75 Maiden Lane, Suite 402
New York, New York 10038
(212) 939-7229

_____
JEFFREY R. MAGUIRE, ESQ.