UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOY BARONE, CHRISTINE CARNEY, JASON
JOHANNING, JARRETT REICH, and TAWHID
ALI,

Plaintiffs,

-against-

INSPIRE SUMMITS LLC d/b/a SKYTOP
STRATEGIES and CHRISTOPHER SKROUPA,

Defendants.

**MEMORANDUM & ORDER
20-CV-5978 (NGG) (CLP)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiffs are five former employees of Defendant Inspire Summits who were hired, supervised, and terminated by Defendant Christopher Skroupa, the company's founder, principal, and CEO. Plaintiffs allege that Defendants failed to pay them any amount of their agreed upon salary for a six-week period preceding their termination. They now bring claims under the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), as well as common law claims for fraud, promissory estoppel, and breach of implied covenant of good faith and fair dealing under New York law. Defendants move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons, that follow Defendants' motion is GRANTED without prejudice as to all claims.

## I.   STANDARD OF REVIEW

"To survive a motion to dismiss, a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

1

(2007)).[1] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Plausibility depends on a host of considerations: the full factual picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable." *Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).

## II. DISCUSSION

Congress enacted the FLSA in 1938 as a remedial scheme designed to address "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers." 29 U.S.C. § 202. The FLSA thus seeks to eliminate substandard labor conditions in part by imposing a federal minimum wage. *See id.* § 206. It requires employers "engaged in commerce" to pay minimum wages to covered employees, *id.*, and it "requires wages to be paid in a timely fashion," *Rogers v. City of Troy*, 148 F.3d 52, 57 (2d Cir. 1998).

Plaintiffs claim relief for Defendants' failure to promptly pay wages under the FLSA. (*See* Compl. (Dkt. 1) at 15.) They cite § 206(a) and say that "it requires that employers promptly pay their employees." (*See id.* ¶ 95.) They go on to explain that "Defendants and Plaintiffs had an agreement to pay Plaintiffs' wages according to a well-established schedule, Defendants missed payments on multiple occasions without any legitimate business reason causing unreasonable delay in the payment of Plaintiffs' wages and thus failed to Plaintiffs their wages in a timely fashion." (*Id.* ¶ 97.) Plaintiffs thus allege that they "are entitled to be

---

[1] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

paid in a timely fashion and Defendants are required to promptly pay Plaintiffs their wages." (*Id.* ¶ 98.)

The trouble for Plaintiffs is that the FLSA permits a claim for a failure to promptly pay *minimum wages*—not agreed-upon wages. *See Rogers*, 148 F.3d at 57; *see also Ayres v. Shiver*, No. 21-CV-473 (ERK) (PK), 2021 WL 3472655, at *1 (E.D.N.Y. Aug. 6, 2021) ("[T]he statute does not provide [] a claim in the absence of a violation of its minimum wage or overtime provisions."). Here, though, the term "minimum wage" is missing entirely from the Complaint. Instead, the pleadings demonstrate that Plaintiffs seek to use the FLSA as a vehicle to recoup their unpaid, agreed-upon wages. "But the existence of the FLSA does not convert every suit involving the breach of an employment contract into a federal case." *Rogers*, 148 F.3d at 57. "Consequently, employees—and particularly highly paid employees—cannot use the FLSA to pursue breach of contract claims." *Momin v. Quantierra Advisors LLC*, No. 21-CV-612 (JGK), 2022 WL 2002282, at *2 (S.D.N.Y. June 3, 2022) (collecting cases), *appeal filed*, No. 22-1445 (2d Cir. July 8, 2022). Therefore, because Plaintiffs bring what is akin to a nonpayment or breach of contract claim, Plaintiffs fail to state a claim under the FLSA, and Defendants' motion to dismiss is GRANTED without prejudice. *See Ayres*, 2021 WL 3472655, at *1-2.

As a result, Plaintiffs' NYLL and state common law claims are likewise dismissed because "if a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." *Brzak v. United Nations*, 597 F.3d 107, 113-14 (2d Cir. 2010).[2]

---

[2] Even assuming Plaintiffs adequately pleaded an FLSA claim, and assuming further that all claims derive from a common nucleus of operative fact, *see Shahriar v. Smith & Wollensky Rest. Group, Inc.*, 659 F.3d 234, 245 (2d Cir. 2011), it is clear from the Complaint that the state common law claims for fraud, promissory estoppel, and breach of implied covenant of good

## III. CONCLUSION

For the reasons stated above, Defendants' [25] motion to dismiss is GRANTED without prejudice as to all claims.

SO ORDERED.

Dated:     Brooklyn, New York
           August 4, 2022

                                        s/Nicholas G. Garaufis
                                        ————————————————
                                        NICHOLAS G. GARAUFIS
                                        United States District Judge

---

faith and fair dealing would "substantially predominate[]" in this litigation. *See* 28 U.S.C. § 1367(c)(2). Those claims involve a subset of Plaintiffs and issues related to those Plaintiffs' hiring that are distinct from the issues required to litigate the FLSA minimum wage claim related to Plaintiffs' pay. Plaintiffs may artfully plead a minimum wage claim, but they cannot convert the FLSA into a Trojan Horse for peripheral state law claims to gain entrance to federal courts. Therefore, the court would decline to exercise supplemental jurisdiction over the alleged common law claims under New York law because doing so would impede rather than promote the values of economy, fairness, and comity. Whether the same could be said about the NYLL claims is less clear and reserved for another day.